UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VINCENT HARRISON,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>OCMBC INC. d/b/a LOAN STREAM MORTGAGE SERVICE, et al.,<br><br>　　　Defendants. | CIVIL ACTION NO.<br>1:23-CV-03113-JPB |

**ORDER**

This matter is before the Court on Vincent Harrison's ("Plaintiff") Writ to Reconsider the November 9, 2023 Order by Mandatory Judicial Notice [Doc. 18]. This Court finds as follows:

**PROCEDURAL HISTORY**

Plaintiff filed this action against OCMBC Inc. and Service MAC LLC (collectively, "Defendants") on July 14, 2023. [Doc. 1]. In the Complaint, Plaintiff asked the Court to confirm a fake arbitration award purportedly entered against Defendants in favor of Plaintiff in the amount of $1,350.000.

On the same day that the Complaint was filed and before the Complaint was served,[1] Plaintiff filed a Motion for Entry of Default Judgment. [Doc. 3]. In the

---

[1] The record indicates that OCMBC was served on July 27, 2023. Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), a defendant must serve an answer "within 21 days after

motion, Plaintiff claimed that he was entitled to a default judgment because Defendants were properly served and failed to answer within the time provided by law. [Doc. 3-1, p. 1]. Plaintiff filed an Amended Motion for Default Judgment on August 1, 2023. [Doc. 6]. On August 15, 2023, Plaintiff filed a Motion for Confirmation of Default. [Doc. 11]. Although not completely clear to the Court, in the Motion for Confirmation of Default, Plaintiff seemed to state that he was seeking default based upon Defendants' failure to appear at the arbitration hearing.

On August 17, 2023, OCMBC filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim. [Doc. 13]. In the motion, OCMBC argued that Plaintiff failed to provide any basis for the Court to conclude that it had subject matter jurisdiction. Alternatively, OCMBC argued that Plaintiff's Complaint and the documents attached thereto failed to set forth any plausible claim to relief.

On November 9, 2023, the Court granted the Motion to Dismiss[2] and denied all other pending motions, including the motions for default judgment, as moot.

---

being served with the summons and complaint." OCMBC's answer was thus due on or before August 17, 2023. The other defendant, Loan Stream Mortgage Service, was never served.

[2] In granting the Motion to Dismiss, the Court determined that dismissal without prejudice was required under Federal Rule of Civil Procedure 12(b)(1). The Court also determined that dismissal was warranted under Rule 12(b)(6). At this juncture, the Court makes clear that the dismissal pursuant to Rule 12(b)(6) was an alternative holding if, in fact, the Court does have subject-matter jurisdiction to hear the case.

On November 28, 2023, Plaintiff filed the instant Writ to Reconsider the November 9, 2023 Order by Mandatory Judicial Notice. Plaintiff seems to assert that the Court erred when it denied Plaintiff's request to enter a default judgment in favor of Plaintiff in the amount of $1,350,000. Plaintiff additionally argues that the Court should have given him notice that it was going to construe Defendant's Motion to Dismiss as a summary judgment motion. The motion is now ripe for review.

## LEGAL STANDARD

Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." Reconsideration is limited to the following situations: (1) "an intervening change in controlling law;" (2) "the availability of new evidence;" or (3) "the need to correct clear error or prevent manifest injustice." Pepper v. Covington Specialty Ins. Co., No. 1:16-CV-693, 2017 WL 3499871, at *1 (N.D. Ga. Aug. 3, 2017). A party "'may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind.'" Id. (quoting Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)).

## ANALYSIS

As stated above, Plaintiff argues that reconsideration is warranted because the Court erred (1) by denying the motions for default judgment and (2) by failing to give notice that the Court was going to construe the Motion to Dismiss as a summary judgment motion. The Court disagrees that it erred.

**1. Denial of the Motions for Default Judgment**

Plaintiff argues that the Court erred by denying the motions for default judgment. However, denial of the motions for default judgment was proper. Plaintiff filed this action on July 14, 2023. Plaintiff served OCMBC on July 27, 2023, and never served Service Mac. Under the Federal Rules of Civil Procedure and based on the date of service, OCMBC's response was due on or before August 17, 2023. Because OCMBC responded to Plaintiff's Complaint on August 17, 2023, by filing the Motion to Dismiss, OCMBC was not in default. Moreover, Service Mac was not in default because it was never served. Because neither defendant was in default, denial of the motions for default judgment was proper. To the extent that Plaintiff argues that reconsideration is warranted on this ground, Plaintiff's request is **DENIED**.

## 2. Failure to Give Notice Regarding Summary Judgment

Plaintiff additionally argues that the Court erred by failing to give notice that it was converting the Motion to Dismiss into a summary judgment motion. As a general rule, a district court "must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005). Here, it was not necessary to give Plaintiff any type of notice because the Court did not convert the Motion to Dismiss into a summary judgment motion. Indeed, the Court did not consider any materials outside the sixty-six-page Complaint filed by Plaintiff, and Plaintiff has not identified any facts outside the Complaint that the Court used which would require conversion to a motion for summary judgment. Because the Court did not consider any materials outside the Complaint, reconsideration is not warranted in this case. To the extent that Plaintiff argues that reconsideration is warranted on this ground, Plaintiff's request is **DENIED**.

***

Ultimately, Plaintiff has not shown that any of the circumstances justifying reconsideration apply to his case. Specifically, Plaintiff has not shown an intervening change in controlling law, new evidence or the need to correct clear error or prevent manifest injustice. As a result, reconsideration is not warranted here.

5

## CONCLUSION

For the reasons stated above, Plaintiff's Writ to Reconsider the November 9, 2023 Order by Mandatory Judicial Notice [Doc. 18] is **DENIED**.

**SO ORDERED** this 23rd day of April, 2024.

_____
J. P. BOULEE
United States District Judge